Edward H. CHITTICK, Jr. and Ann L. Chittick, Plaintiffs,

v.

FARMERS INSURANCE EXCHANGE, Defendant.

Civ. A. H–93–3220.

United States District Court, S.D. Texas.

Feb. 4, 1994.

1154

Jeffrey A. Hirt, Houston, TX, for plaintiffs.

Robert Wayne Carter, Jr., Holly J. Harlow, Fulbright & Jaworski, Houston, TX, for defendant.

### MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Plaintiffs' Motion to Remand (Docket Entry # 5). After considering the motion, defendants' response, and the applicable law, the court finds that plaintiffs' motion to remand should be denied.

### I. *Background.*

On September 7, 1993, Plaintiffs Edward H. Chittick and Ann L. Chittick ("the Chitticks") filed their original petition in Harris County Court at Law Number 3 claiming violations of the Texas Deceptive Trade Practices Act and Article 21.21 of the Texas Insurance Code, negligence, gross negligence, fraud, misrepresentation, breach of contract, and breach of the duty of good faith and fair dealing. The Chitticks' claims stem from damages to the roof of their residence during a hail storm in May 1992. Defendant Farmers Insurance Exchange ("Farmers") was the Chitticks' homeowners insurance carrier at the time.

On October 10, 1993, Farmers removed the case to this court on the basis of diversity of citizenship, asserting that the amount in controversy was in excess of $50,000.00, exclusive of interests and costs. On November 12, 1993, the Chitticks filed their motion to remand the case to county court, contending that the claimed damages did not exceed the required federal jurisdictional amount of $50,000.00 and challenging defendant's diversity of citizenship.

## II. *Analysis.*

 In a removal action, a district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Where the jurisdiction of the court is challenged, the party invoking federal jurisdiction has the burden to demonstrate that its jurisdictional allegations are supported by competent proof. *Asociacion Nacional De Pescadores v. Dow Quimica,* 988 F.2d 559, 563 (5th Cir.1993) (citing *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253 (5th Cir.1961)); *B., Inc. v. Miller Brewing Co.* 663 F.2d 545 (5th Cir.1981). When the amount in controversy is in dispute, removal is proper if the removing defendant can prove by a preponderance of the evidence that the amount in controversy exceeds $50,-000.00. *De Aguilar v. Boeing Co.,* 11 F.3d 55 (5th Cir.1993); *Marcel v. Pool Company,* 5 F.3d 81, 84 (5th Cir.1993); *Gaus v. Miles, Inc.* 980 F.2d 564, 567 (9th Cir.1992). The jurisdictional amount must be determined as of the time of removal; the plaintiffs cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938).

 In the instant case, the Chitticks' petition demanded monetary relief within the jurisdictional limits of Harris County Court at Law Number 3, which is $100,000.00, excluding interest, statutory or punitive damages, penalties, attorney's fees, and costs. In the Chitticks' subsequent motion to remand, they asserted that Farmers failed to prove to a legal certainty that the damages alleged were in excess of $50,000.00. The Chitticks, however, invoked the improper standard, as Farmers need only prove by a preponderance of the evidence that the damages sought exceed $50,000.00. *De Aguilar v. Boeing Co.,* 11 F.3d at 55.

Farmers has met this burden. In their original petition, the Chitticks allege that the estimated cost of repairs to their roof ranges from $14,680.00 to $25,413.00. The Chitticks seek damages for Farmers' alleged violation of art. 21.21 § 16 of the Texas Insurance Code and §§ 17.46 and 17.50(a)(3) of the Texas Deceptive Trade Practices Act. Prevailing on these statutory causes of action enables the plaintiff to collect either double or treble damages and attorney's fees. In a similar case, where a party was seeking damages under the Texas Deceptive Trade Practices Act and the Texas Insurance Code, a Texas court rendered judgment in excess of $50,000.00, although the plaintiff's actual damages fell well below that amount. *See Lawyers Sur. v. Royal Chevrolet,* 847 S.W.2d 624, 629 (Tex.App.—Texarkana 1993, writ denied) (actual damages were $25,000.00 with total damages awarded amounting to $75,-000.00).

 The Chitticks also seek to recover exemplary damages. Under Texas law, there is no set rule or ratio between the amount of actual damages and exemplary damages that may be awarded by a jury. *Transmission Exch., Inc. v. Long,* 821 S.W.2d 265, 272 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Exemplary damages for gross negligence can be awarded up to four times the amount of actual damages or $200,000.00, whichever is greater. Tex. Civ.Prac. & Rem.Code § 41.007 (Vernon Supp.1993). There is no cap on the amount of exemplary damages that can be awarded for intentional torts, such as fraud. *Id.* at § 41.008. *See Texas Farmers Ins. Co. v. Soriano,* 844 S.W.2d 808, 826 (Tex.App.—San Antonio 1992, no writ) (actual damages were $172,000.00 but exemplary damages totaled $1,000,000.00). In view of the nature of the claims and the types of damages sought, as well as the presumed net worth of the defendant, the court concludes that Farmers has established by a preponderance of the evi-

dence that the Chitticks' claims are sufficient in amount to confer federal jurisdiction.

■ Finally, in their motion to remand, the Chitticks make the unsubstantiated allegation that Texas, rather than California, is Farmers' principal place of business. The unrefuted affidavit of Michael Vickers, the Branch Claims Supervisor at Farmers, establishes, however, that Farmers is a California corporation with its principal place of business in California. Thus, Farmers has satisfied its burden of showing diversity of citizenship between the parties.

III. *Conclusion.*

Because Farmers has shown by a preponderance of the evidence that the amount in controversy exceeds $50,000.00 and that there is complete diversity between the parties, removal of this case was proper, as it falls within this court's diversity jurisdiction.

Accordingly, plaintiffs' motion to remand is DENIED.