**FRISARD**

v.

**BELLSOUTH TELECOMMUNICATIONS, INC., et al.**

Civ. A. No. 94–2923.

United States District Court, E.D. Louisiana.

July 24, 1995.

Dan C. Frisard, Metairie, LA, pro se.

Raymond Joseph Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Bellsouth Telecommunications, Inc.

PORTEOUS, District Judge.

Before the court are two motions, plaintiff's Motion to Remand, and defendants' Motion for Summary Judgment. For reasons set forth below, plaintiff's Motion to Remand is denied, and defendants' Motion for Summary Judgment is granted.

### Motion to Remand:

Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking damages pursuant to two contracts that he entered for advertisements in the Yellow Pages. Plaintiff alleges that his advertisements were not properly included in the Yellow Pages, and seeks damages for resulting losses in business revenue. In his petition plaintiff plead as follows:

> Plaintiff prays for a TRIAL BY JURY as the amount in controversy exceeds the amount for a jury trial.

Petition at paragraph XII. The defendants removed the action to this Court, alleging diversity of citizenship and an amount in controversy in excess of $50,000. 28 U.S.C. § 1332(a). Plaintiff seeks remand on the basis that the $50,000 threshold amount has not been met.

In the motion to remand before the Court, plaintiff states that he "requested trial by jury to protect some right if monetary damages were determined by plaintiff to exceed Fifty thousand dollars." Plaintiff suggests that the Court does not have subject matter jurisdiction over this matter because his damages are less than $50,000, and has amended his petition to omit his jury request, and submitted his affidavit which declares that "he believes his monetary damages in Civil Action No. 94–2923 Frisard vs. BellSouth Telecommunications does not equal or exceed Fifty Thousand dollars ($50,-000) and that he will not seek, demand, or accept a judgment from defendants for same amount." Frisard affidavit at paragraph 2. Plaintiff urges the Court to follow *Oder v. Buckeye State Mutual Ins.*, 817 F.Supp. 1413 (S.D.Ind.1992).

Defendants correctly argue that the question of whether subject matter jurisdiction exists is a question which must be answered by looking at the petition as it existed at the time of removal. The court evaluates the jurisdictional amount at the time of removal, "subsequent reduction of the amount claimed cannot oust the district court's jurisdiction." *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir.1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). At the time of removal, it was facially apparent from plaintiff's petition that damages could exceed $50,000. First, plaintiff plead for a jury in state court. The Court is in agreement with Judge Sear's ruling in *Mitchell v. Flexcon Co., Inc.*, 1994 WL 117782 (E.D.La.1994), that a lawsuit filed in state court that includes a jury demand reveals on its face that the action meets the federal jurisdictional amount. Additionally, La.Code Civ.P. art 893 allows the pleading of a specific amount of damages to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." Plaintiff did not avail himself of this opportunity. Second, in paragraph IX of his petition, plaintiff claimed significant loss of business and income as a result of defendants' alleged errors, and alleged that he suffered mental anguish and emotional distress. Defendants were reasonable in their belief that plaintiff's complaint stated a facially removable claim.

Furthermore, "[i]t is a well-settled principle that 'a plaintiff may not defeat removal by subsequently *changing* his damage

request, because post-removal events cannot deprive a court of jurisdiction once it has attached.'" *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256 (5th Cir.1995) (citation omitted). Although plaintiff argues that the question of jurisdictional amount was not previously resolved in this case, the Court disagrees. On February 8, 1995, the Court denied plaintiff's motion to remand. Plaintiff explained in that motion and at argument that he was unable to project with certainty that his damages did not exceed $50,000. In his motion to remand that is currently before the Court, plaintiff takes the position that his inability to project his damages resulted in the jurisdictional amount remaining unresolved and open pending his determination of his damages; the Court disagrees. Plaintiff's recent amendment of his petition omitting his jury demand, and his affidavit limiting his claim to less than $50,-000 do not serve to deprive the Court of jurisdiction. Accordingly, plaintiff's motion to remand is denied.

### Defendants' Motion for Summary Judgment:

Defendants seek summary judgment primarily on the basis that the contracts giving rise to this litigation contain enforceable limitation of liability clauses that limit plaintiff's recovery to the amount of charges for the advertising in which the error or omission occurred. In support, defendants submit the affidavit of Bobbie R. Bush, Assistant Manager—Customer Services for Bellsouth Advertising & Publishing Corporation ("BAPCO"). Ms. Bush testified that on or about October 11, 1991, and on or about January 13, 1993, Dr. Frisard entered into written contracts with BAPCO for advertising in the 1992 and 1993 directories, respectively. Both of the contracts contained express limitation of liability clauses, which state that the customer "agree[s] that any liability which we may have due to errors or omissions in your advertising shall not exceed the amount of charges for the advertising in which the error or omission occurred, our liability shall be discharged by abatement of the advertising charges for any complete omission, or by reduction of your charges for any error in proportion to any reduction of the value of

the advertising due to the error." Bush Affidavit, at paragraph 6. Ms. Bush further testified that Bapco did not charge Dr. Frisard for $113.25 of the $157.00 monthly charge for the alleged error in 1992, and did not charge Dr. Frisard any of the $116.75 monthly charge for 1993.

Defendants urge the Court to dismiss plaintiff's claims, since plaintiff was not billed and did not pay for any charges for the particular advertisements with respect to the alleged omissions and errors.

■ Plaintiff's action is contractual in nature. *See Soileau & Coreil v. Trans-Western Publishing,* 542 So.2d 198 (La.App. 3rd Cir.1989) (Claim for damages for error in advertising in yellow pages was contractual in nature, no act of negligence established); *Marino v. South Central Bell Telephone Co.,* 376 So.2d 1311 (La.App. 1st Cir.1979). Plaintiff alleges that he received "oral guarantees" from Ann Sentilles and Sandra Walker (two BAPCO representatives), regarding his advertising, and that these guarantees were in contradiction with and superseded his signed contract. Further, plaintiff states in his affidavit that his 1993 advertisement "was omitted, possibly intentionally." Frisard Affidavit at paragraph 4. The Court is unpersuaded by plaintiff's arguments, and finds that his suit is contractual in nature and does not state a negligence claim.

■ Limitation of liability provisions in contracts are valid and enforceable under Louisiana law. Plaintiff argues that defendants are the exclusive publisher and advertising marketing company for the yellow pages, and as such operate a monopoly. Plaintiff argues that "he had no choice but to sign on the line ..." regarding his contract with BAPCO. Notwithstanding plaintiff's arguments, Louisiana courts have upheld limitation of liability clauses in analogous factual situations. *See Roll–Up Shutters, Inc. v. South Central Bell Telephone Co.,* 394 So.2d 796 (La.App. 4th Cir.), *writ denied,* 399 So.2d 599 (La.1981) (Limitation of liability clause in South Central Bell advertising contract was neither contrary to law or public morals, nor adhesionary, and thus was enforceable); *Bonfiglio v. Bellsouth Advertising and Publishing Corp.,* 619 So.2d 135 (La.App. 1st Cir.), *writ denied,* 620 So.2d 864 (La.1993)

(Finding that plaintiff's cause of action sounded in contract and plaintiff was bound by the limitation of liability provisions contained in the contract).

Under Fed.R.Civ.P. 56(c), summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Material facts are those that will affect the outcome of the lawsuit under governing law. *Id.* For the reasons set forth above, the Court concludes that no material facts exist in this case that will affect the outcome of this suit under the law. Therefore, defendants' motion for summary judgment is granted.[1]

Accordingly, plaintiff's Motion to Remand is denied, and defendants' Motion for Summary Judgment is granted.

1. On page 3 of defendants' memorandum in support of their motion for summary judgment, defendants assert that there is no basis for the claims asserted against South Central Bell and L.M. Berry because South Central Bell had no involvement in the advertising at issue, and because L.M. Berry is a disclosed agent. Because the Court finds that plaintiff's claims have no merit, it is not necessary to reach this issue.