HWJ, INC. d/b/a/ American Rig Housing

v.

**BURLINGTON INSURANCE COMPANY.**

No. 1:95–CV–1067.

United States District Court,
E.D. Texas,
Beaumont Division.

May 15, 1996.

Richard Guy Baker, Zbranek & Hight, PC, Liberty, TX, for HWJ Inc.

Shelley Rogers, Houston, TX, for the Burlington Insurance Company.

## MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND

HINES, United States Magistrate Judge.

### I. Background

Plaintiff HWJ, Inc. ("HWJ") sues Burlington Insurance Company ("Burlington") for failure to provide legal representation and insurance coverage in connection with a personal injury lawsuit brought against HWJ, by Cheryl Turner, a worker at HWJ.

Turner filed her personal injury lawsuit against HWJ in the district court for Liberty County, Texas, 75th Judicial District. HWJ thereafter filed a third-party action against Burlington, which the state court judge severed from the main personal injury action. Burlington on November 29, 1995 removed the severed third party action to this court based on diversity of citizenship. On March 4, 1996 plaintiff HWJ moved to remand.

The parties have consented to disposition before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

### II. The Motion and Response

Plaintiff moved to remand, claiming that the amount in controversy is less than the $50,000 which would bestow subject matter jurisdiction upon this court. 28 U.S.C. § 1332. Attached to the motion to remand is the affidavit of Richard G. Baker, attorney for plaintiff in this action. According to the affidavit, approximately $5,000 in attorney's fees and costs accrued in defending HWJ in the state court slip and fall proceeding through March 1, 1996. According to the same affidavit, an additional $10,000 was expected to accrue through the end of the representation in the underlying case.

Defendant's response challenges the applicability of the affidavit as the sole basis for establishing the jurisdictional amount. Defendant notes that HWJ's complaint against Burlington includes a claim for the amount to be paid to Turner at the conclusion of the underlying case as well as the claim for HWJ's costs of legal representation (collectively, the breach of contract action). Moreover, the complaint asserts a claim for violation of the Texas Insurance code, a claim for violation of the Texas Deceptive Trade Prac-

tices–Consumer Protection Act (DTPA), a claim for breach of the duty of good faith and fair dealing, several claims sounding in fraud, and a claim for negligence. Plaintiff seeks statutory trebling of damagers under its DTPA claim, and seeks exemplary damages and attorneys fees.

In accordance with the Texas Rules of Civil Procedure, no specific sum is sought in HWJ's complaint. TEX.R.CIV.P. 47(b).

### III. Subject Matter Jurisdiction and Remand

■ A removing party bears the burden of establishing the facts necessary to show federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 563 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

■ However, when, as here, "the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *Chittick v. Farmers Ins. Exch.*, 844 F.Supp. 1153, 1155 (S.D.Tex.1994). In determining whether the removing defendant has established by a preponderance of the evidence that the jurisdictional threshold is reached, the court must first determine whether it is "facially apparent that the claims are *likely* above $50,000." *Allen*, 63 F.3d at 1335 (emphasis added); *De Aguilar*, 11 F.3d at 57.[1] In this inquiry, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed $50,000." *Allen*, 63 F.3d at 1336.

■ If it is not facially apparent that damages are likely to exceed $50,000, the

court may look to summary judgment type evidence that is relevant to the amount in controversy. In this connection, the court must look to the facts as they existed at the time of removal in determining whether subject matter jurisdiction exists. *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir.1993); *Frisard v. Bellsouth Telecommunications, Inc.*, 898 F.Supp. 369, 370 (E.D.La.1995). Thus, a plaintiff may not defeat removal by submitting an affidavit which *alters* the damage request in the initial petition in state court. *Marcel*, 5 F.3d at 84; *Printworks, Inc. v. Dorn Co.*, 869 F.Supp. 436, 439 (E.D.La. 1994). However, when an attorney's affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," that affidavit may be considered by the court in determining whether remand is proper. *Dow Quimica*, 988 F.2d at 565; *Printworks, Inc.*, 869 F.Supp. at 440.

### IV. Application

#### A. Facial Apparentness

■ As noted, the court must first determine whether it is facially apparent from the petition filed in state court that the amount in controversy likely exceeds $50,000. This inquiry is left in part to the court's intuition and common sense. For example, in *De Aguilar*, the Fifth Circuit, noting that the facial apparentness had been satisfied, stated:

> [A]lthough the complaint in the instant case did not specify an amount of damages, it is facially apparent that damages sought by the plaintiffs here exceed $50,000. Unlike *Dow Quimica*, which involved damages for skin rashes and lost income of small-scale Colombian fishermen, the instant case involves, *inter alia*, a claim for wrongful death. It is facially apparent that the claims in this case—claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses—did exceed $50,000 at the time of removal.

---

**1.** In *Allen* the Fifth Circuit made clear that the proper standard s whether damages are likely to exceed the jurisdictional amount. The fact that

damages "could well" exceed or might "possib[ly]" exceed the jurisdictional limit is irrelevant. *Allen*, 63 F.3d at 1336.

*De Aguilar,* 11 F.3d at 57 (citation omitted); *see also Printworks, Inc.,* 869 F.Supp. at 440 ("The relief sought is recission of the sale or a reduction in the purchase price, without further elaboration [as to model involved, purchase price, value, etc.]. Given these sketchy claims, *and unlike an intuitively larger claim* involving wrongful death and related damages, it is certainly not facially apparent that damages could exceed $50,-000." (emphasis added) (footnote omitted)).

The original third party petition filed in state court does not, on its face, specify the amount of damages sought. Texas Rule of Civil Procedure 47(b) notwithstanding, this is to be expected given the fact that the underlying slip and fall case is still pending, with trial scheduled in state court in several weeks. Nor is it facially apparent from the face of the petition that the jurisdictional threshold will likely be surpassed. For example, the petition does not comment in any fashion on the extent of Ms. Turner's injuries or the number of billable hours spent by HWJ's attorney in the matter.

### B. "Summary–Judgment–Type Evidence"

Because it is not apparent from the face of the petition that the jurisdictional threshold has been crossed, the court proceeds to examine the summary-judgment-type evidence in the record pertinent to the amount in controversy issue.

First, as noted HWJ's counsel has submitted an affidavit estimating that the costs of defending HWJ in the underlying slip and fall case will amount to approximately $15,-000. In the underlying matter, Turner sought $10,000 for mental anguish and mental frustration, $15,000 for past pain and suffering, and amounts for medical expenses and lost wages. Answers to interrogatories in the state case reveal that plaintiff has to date accumulated $5769.11 in medical expenses and seeks $2360 for lost wages.

In addition to the above damages, which are relevant to HWJ's breach of contract claim, HWJ brings claims for violation of the Texas Insurance Code, violation of the DTPA, breach of the common law duty of good faith and fair dealing, fraud, negligence. Moreover, WHJ seeks statutory trebling of damages, exemplary damages, and attorney's fees in this case.

In *Chittick,* the underlying damage claim was for $14,680 to $25,413, but the claim was accompanied by claims under the Texas Insurance Code and the DTPA (which provide for doubling and trebling of damages in certain instances). Moreover, plaintiff in *Chittick,* as WHJ here, sought exemplary damages and attorney's fees. The court held that the removing defendant had met its preponderance of the evidence burden of demonstrating that plaintiff's claims exceeded the jurisdictional threshold. The *Chittick* court cited in support of its holding *Lawyers Sur. Corp. v. Royal Chevrolet, Inc.,* 847 S.W.2d 624 (Tex.App.—Texarkana 1993), a case involving DTPA and Insurance Code claims in which a Texas state court entered judgment in excess of $50,000 even though plaintiff's actual damages fell well below that amount.

In short, the court concludes that when all of WHJ's claims are considered, the total claim for damages is more likely than not to be for $50,000 or more. Therefore, defendant Burlington has met its preponderance of the evidence burden of establishing the facts prerequisite to this court's subject matter jurisdiction, and plaintiff's motion to remand will be denied.

### V. Conclusion

Plaintiff's motion to remand will be denied.