**Geneva MATNEY and J.D. Matney and Amelia Matney, a minor, by and through her next friend, J.D. Matney,**

v.

**WENGER CORPORATION.**

**Civil Action No. G–97–002.**

United States District Court, S.D. Texas, Galveston Division.

March 26, 1997.

---

Robert Thomas Rice, Rice Vaughan and Pacylowski, Angleton, TX, for Geneva Matney, J.D. Matney and Amelia Matney.

John Howard Thomisee, Jr., Lawrence Hood Simmons Thomisee & Burridge, Bellaire, TX, for Wenger Corp.

## ORDER DENYING MOTION TO REMAND

KENT, District Judge.

Before the Court is the Plaintiffs' Motion to Remand, dated January 21, 1997. For the reasons stated below, the Motion is temporarily **DENIED.** However, the Court will remand the case if the Plaintiffs file an affidavit affirming under oath that they will never request nor collect more than $74,-999.99 from the Defendant in this or any remanded action for the injuries that made the basis of this suit.

It is clear from the Plaintiffs' Original Petition in state court that there is complete diversity between the parties. However, the Plaintiffs have specifically pled an amount in controversy of $74,000, which is lower than the jurisdictional limit of $75,000. Plaintiffs' Original Petition shows that this suit arises from severe bodily injuries sustained by a minor child when risers alleged to have been manufactured by the Defendant caused a chair to fall. Allegations of product liability, negligence and gross negligence have been asserted against the Defendant. Plaintiffs allege that the minor Plaintiff has incurred, or will incur, medical expenses in the past and in the future, physical pain and suffering in the past and in the future, mental anguish in the past and in the future, physical impairment in the past and in the future, loss of

parental consortium in the past and in the future, and disfigurement in the past and in the future. The adult Plaintiffs also seek to recover past and future medical expenses, past and future loss of parental consortium, and past and future loss of household services. For the alleged gross negligence, Plaintiffs seek exemplary damages. The Plaintiffs assert that the Original Petition renders the case non-removable because the amount in controversy is less than $75,000, the jurisdictional limit.

The Plaintiffs' contention is blatantly erroneous because the Plaintiffs' Petition presently appears to assert comprehensive losses which in likelihood could exceed $75,-000. The case involves injuries to a minor child and allegation of past and future damages. Moreover, the Plaintiffs seek to recover exemplary damages. Under Texas law, there is no set rule or ratio between the amount of actual damages and exemplary damages that can be awarded by a jury. *Transmission Exch., Inc. v. Long*, 821 S.W.2d 265, 272 (Tex.Civ.App.—Houston [1st Dist.] 1991, writ denied). Exemplary damages for gross negligence can be awarded up to four times the amount of actual damages or $200,000, whichever is greater. TEX. CIV. PRAC. & REM.CODE § 41.007 (Vernon Supp. 1993); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D.Tex.1994). In view of the nature of the claims and the types of damages sought, the Court concludes that the Defendant has established by a preponderance of the evidence that Plaintiffs claims are sufficient in amount to confer federal jurisdiction, absent a sworn clarification by Plaintiffs to the contrary. Consequently, the Plaintiffs' Motion to Remand is for now **DENIED.**

However, under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Consequently, the Court will remand this action if the Plaintiffs file an affidavit swearing that they will *never* request nor collect more than $74,999.99 from the Defendant in this or any remanded action for the injuries that made the basis of this suit. The Plaintiffs are cautioned that if the case is remanded under these circumstances, the Court will retain plenary jurisdiction over the matter to enforce Plaintiffs' sworn representation in perpetuity, and if the Plaintiffs ever seek more than $74,999.99 from the Defendant, they will be subject to **A FINDING OF CONTEMPT OF COURT WHICH COULD RESULT IN SEVERE SANCTIONS, INCLUDING INCARCERATION.** If the Plaintiffs wish to abide by these strict terms and accept these possible harsh consequences, *regardless* of any newly discovered facts or future extenuating circumstances, they may file an affidavit in accordance with this Order within 10 days of its signing. Otherwise, the Plaintiffs' motion to remand will be **PERMANENTLY DENIED.** All parties shall bear their own costs incurred herein to date.

**IT IS SO ORDERED.**