**In the Matter of NABORS LOFFLAND DRILLING COMPANY for the Perpetuation of Certain Evidence.**

Civ. A. No. 92–0760.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

May 5, 1992.

Timothy Burr and Todd Crawford, New Orleans, La., for Nabors Loffland Drilling Co.

Mel Credeur, Lafayette, La., for Gene Lormand.

JUDGMENT

HAIK, District Judge.

This Court having considered the Report and Recommendation of the Magistrate Judge, and having concluded that the findings and conclusions suggested therein are correct and in accordance with applicable authorities, and having considered any objections timely filed thereto;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Petition for Perpetuation of Evidence and for Temporary Restraining Order is hereby DISMISSED with prejudice for lack of subject matter jurisdiction under F.R.Civ.P. 12(b)(1).

Signed this 1st day of May, 1992, at Lafayette, Louisiana.

REPORT AND RECOMMENDATION

TYNES, United States Magistrate Judge.

The Petition to Perpetuate Evidence and for Temporary Restraining Order in the referenced matter was referred to the undersigned Magistrate Judge for review, Report and Recommendation to United States District Judge Richard T. Haik. Having reviewed the Petition, the Response to Petition filed by counsel representing Gene Lormand, as well as the Memorandum in Support of Petition to Perpetuate Evidence submitted by facsimile transmission on April 30, 1992, I now enter the following Report and Recommendation.

Nabors Loffland Drilling Company ("Nabors") seeks an order from this Court or-

dering Gene Lormand to submit to an independent medical examination by Dr. Clifton Shepherd by May 5, 1992 and for a temporary restraining order compelling Gene Lormand to delay any non-emergency surgery pending a hearing on the Petition for Perpetuation of Evidence. The Petition was filed pursuant to authority of F.R.Civ.P. 27 which rule authorizes perpetuation of deposition testimony before an action has been filed under certain designated circumstances. Subdivision (a)(3) of Rule 27 further authorizes the Court to enter orders of inspection under Rule 34 and independent medical examination under Rule 35 where appropriate "to prevent a failure or delay of justice." See *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir.1961). However, it does not appear that jurisdiction has been established in this case sufficient to permit enforcement of Rule 27. In *Dresser Industries, Inc. v. United States*, 596 F.2d 1231 at 1238 (5th Cir.1979), the court announced as follows:

> "There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts. *Arizona v. California*, 292 U.S. 341, 347, 54 S.Ct. 735 [737], 78 L.Ed. 1298 (1934)."

Gene Lormand anticipates the filing of a personal injury lawsuit arising out of an automobile accident which occurred on October 30, 1991 against Andrus Roche and Nabors Loffland Drilling Company. According to the petition of Nabors and the response of Lormand, Lormand will allege that Andrus Roche was acting in the course and scope of his employment for Nabors at the time of the accident, and thus, that Nabors is responsible under the doctrine of *respondeat superior*. Lormand also anticipates an allegation that Roche was intoxicated at the time of the accident, and thus, will claim exemplary damages under Louisiana Civil Code Article 2315.4.

The petition of Nabors alleges diversity jurisdiction as the basis of jurisdiction for the contemplated personal injury action. However, because Gene Lormand, the contemplated plaintiff, and Andrus Roche, one of the contemplated defendants, are undisputedly both citizens of Louisiana, no basis of federal jurisdiction would exist. It is of no significance whether Roche is an indispensable party to the litigation. What is significant is that Lormand's counsel has filed a signed memorandum averring that Andrus Roche will be a party to the contemplated litigation. This allegation is subject to the provisions of F.R.Civ.P. 11 and thus, constitutes a certificate of counsel that Roche will be a party. Accordingly, it appears that no basis of federal jurisdiction would exist in the contemplated action, and therefore, this Court has no jurisdiction to address the pending Petition for Perpetuation of Evidence and Temporary Restraining Order.

Accordingly, it is my recommendation that the Petition for Perpetuation of Evidence and for Temporary Restraining Order be DISMISSED for lack of federal jurisdiction under Rule 12(b)(1).

Pursuant to U.L.L.R. 19.09W, the time delay for appeal of this order is limited to noon on Friday, May 1, 1992. This limitation is imposed due to the independent medical examination at issue being scheduled for May 5, 1992, and due to Lormand's impending surgery.