### In re Complaint of FINANCIAL INDEMNITY COMPANY.

### Civil Action No. 97-0229.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

April 16, 1997.

---

**436**

Matthew Ungarino, Metairie, LA, for plaintiff.

Gerald Delaunay, Lafayette, LA, for defendant.

## *JUDGMENT*

DOHERTY, District Judge.

This matter was referred to United States Magistrate Judge Pamela A. Tynes for Report and Recommendation. After an independent review of the record, this Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions therein as its own.

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that the Complaint is DISMISSED WITHOUT PREJUDICE.

## *REPORT AND RECOMMENDATION*

TYNES, United States Magistrate Judge.

Pending before the court is the Motion to Compel Physical Examination filed by defendant, Financial Indemnity Company ("FIC"). This action was filed as a Complaint to Take Physical Examination. The Complaint seeks the same relief as the motion. Based on the following reasons, the undersigned recommends that this action be **DISMISSED.**

*BACKGROUND*

On February 3, 1997, FIC filed this action in which it asserts that it anticipates being named as a defendant in an action to be brought in this court arising out of an automobile accident occurring on or about July 17, 1996 in the Parish of Lafayette, State of Louisiana. FIC asserts that it is the insurance company for another potential defendant, Eugene Morong ("Morong"). FIC avers that Francheska Lee ("Lee") is the potential adverse party in an action for personal injuries. Subject matter jurisdiction is asserted pursuant to 28 U.S.C. § 1332.

In the Complaint, FIC seeks an order pursuant to Fed.R.Civ.P. 35 compelling Lee to submit to an independent medical examination before Dr. G. Gregory Gidman. On February 28, 1997, FIC filed a Motion to Compel Physical Examination on the grounds that Lee had undergone an MRI and CT scans for which findings were normal, but was continuing treatment with Dr.

Michael Heard. (Document No. 2.) On March 7, 1997, the undersigned denied the motion on the grounds that service had not been made and the issue had not been joined.

On March 21, 1997, FIC filed the instant Motion to Compel Physical Examination on an expedited basis pursuant to Fed.R.Civ.P. Rules 27 and 35, asserting the same grounds as in the first motion. FIC asserts that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Morong is domiciled in California, which renders FIC a resident of California for the purposes of these proceedings. Additionally, FIC avers that the amount in controversy exceeds $75,-000.00.

*LAW AND ANALYSIS*

█ Rule 27 authorizes perpetuation of testimony before an action has been filed under certain circumstances. Subdivision (a)(3) of Rule 27 further authorizes the Court to enter orders of inspection under Rule 34 and independent medical examination under Rule 35 where appropriate "to prevent a failure or delay of justice." *In the Matter of Nabors Loffland Drilling Company*, 142 F.R.D. 295, 296 (W.D.La.1992); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir.1961). However, it does not appear that jurisdiction has been established in this case sufficient to permit enforcement of Rule 27.

█ In *Dresser Industries, Inc. v. United States*, 596 F.2d 1231 at 1238 (5th Cir.1979), the court announced as follows:

> There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction *would* exist and thus is a matter that may be cognizable in the federal court. Arizona v. California, 292 U.S. 341, 347, 54 S.Ct. 735 [737], 78 L.Ed. 1298 (1934).

(emphasis added).[1]

█ FIC's Complaint alleges diversity jurisdiction as the basis for the contemplated action. While it appears that diversity exists, FIC has not established that the amount in controversy requirement has been met. The court finds that this case is analogous to those involving removing defendants, who must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). Under the preponderance standard, "[t]he defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000.00]."[2] *DeAguilar v. Boeing Co. (DeAguilar II)*, 47 F.3d 1404, 1411 (5th Cir. 1995).

█ In this case, the Complaint contains no allegations as to the nature and extent of Lee's injuries, the amount of medical expenses incurred, or any potential lost wage claim. FIC's conclusory allegation that the amount in controversy exceeds $75,000.00 is legally insufficient to establish diversity jurisdiction. The jurisdictional amount "cannot be based simply upon conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335, citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).

For the reasons discussed above, FIC has failed to carry the burden of establishing that the value of Lee's case exceeds $75,000.00. Accordingly, subject matter jurisdiction would not exist, and it is my recommendation that the motion as well as the Complaint be DISMISSED for lack of federal jurisdiction.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHO-**

---

1. In an unpublished decision from the Eastern District of Louisiana, Judge Livaudais determined that Rule 27 requires only that an action "may" be cognizable in federal court. *In re Petition of State Farm Mutual Automobile Ins. Co.*, 1994 WL 715612 (E.D.La.1994). The undersigned disagrees, and finds that the Supreme Court's standard set forth in *Arizona v. California* that jurisdiction "would" exist is appropriate.

2. Prior to 1997, the amount in controversy was $50,000.00.

438

RIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION,* 79 F.3d 1415 (5th Cir.1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

March 26, 1997.