IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-5099

_____


ALMA TORREBLANCA DE AGUILAR, ET AL.,

                                        Plaintiffs-Appellants,

                    versus

THE BOEING COMPANY, ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
                Eastern District of Texas
_____
                    (December 22, 1993)

Before SNEED,[*] REYNALDO G. GARZA, and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:


     The plaintiffs in this case are doggedly determined to find
some court in the United States--any court--in which to try their
foreign-based claims.  Once again they fail.  This suit is but the
latest in a succession of wrongful death litigation arising out of
the crash of a Mexicana Airlines plane in Mexico.  In the first
action, the plaintiffs filed suit in state court in Bexar County,
Texas; the defendants removed to federal district court for the
Western District of Texas; and the district court dismissed the

_____

     [*]Senior Circuit Judge of the Ninth Circuit, sitting by
designation.

action on federal <u>forum non conveniens</u> grounds stating that Mexico was the appropriate forum. <u>Rodriquez Diaz v. Mexicana De Avion, S.A.</u>, No. SA-86-CA-1065, 1987 U.S. Dist. LEXIS 13399 (W.D. Tex. 1987), <u>aff'd mem.</u>, 843 F.2d 498 (5th Cir.), <u>cert. denied</u>, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988).  In the second action, the parties repeated the same pattern in Illinois resulting in dismissal on federal <u>forum non conveniens</u> law.  In the most recent action before the instant case,[1] the plaintiffs filed suit in Washington state court, which dismissed the action on state <u>forum non conveniens</u> grounds.  <u>Wolf v. Boeing Co.</u>, 810 P.2d 943 (Wash. Ct. App.), <u>review denied</u>, 818 P.2d 1098 (1991).[2]  After the Supreme Court of Texas ruled that the doctrine of <u>forum non conveniens</u> was no longer recognized under Texas law for wrongful death actions, <u>Dow Chemical Co. v. Alfaro</u>, 786 S.W.2d 674 (Tex. 1990), <u>cert. denied</u>, 498 U.S. 1024, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991), the plaintiffs filed this suit in state court in Jefferson County, Texas, without pleading a specific amount of damages.  After the

---

[1]The relatives and personal representatives of the estates of those who perished in the Mexicana Airlines plane crash also filed suit in California state court against Boeing, Mexicana, and others while the Illinois action was pending.  After the defendants removed to federal court in California, the plaintiffs voluntarily abandoned their action against Boeing and the rest of the defendants, except Mexicana.  The Ninth Circuit eventually held that Mexicana, as a foreign sovereign, was not subject to suit in the United States.  <u>Compania Mexicana de Aviacion, S.A. v. United States Dist. Court</u>, 859 F.2d 1354 (9th Cir. 1988).

[2]Claims are currently pending against Mexicana Airlines in Civil District Court in Mexico by survivors of the victims of the plane crash.

defendants removed to federal district court, the plaintiffs argued, <u>inter alia</u>, that: (1) the district court should remand to Texas court because the amount in controversy per decedent was less than the minimum required for diversity jurisdiction; or alternatively, (2) the district court should apply Texas law instead of federal law in resolving the <u>forum non conveniens</u> issue. The district court denied the motion to remand for lack of subject matter jurisdiction and dismissed the case based on federal <u>forum non conveniens</u> law. Finding no error, we affirm.

I

On March 31, 1986, a Mexicana Airlines plane manufactured by the Boeing Company ("Boeing") crashed in Mexico killing all aboard. The personal representatives of the estates of those killed and the relatives of the victims filed this wrongful death action in Texas court. The plaintiffs did not specify the amount of damages in their complaint because Texas Rule of Civil Procedure 47(b) forbids such specificity. Boeing removed the case to federal district court pursuant to 28 U.S.C. § 1441. The plaintiffs moved to remand arguing that the amount in controversy did not exceed $50,000 per plaintiff thus depriving the district court of diversity jurisdiction. In support of their position, the plaintiffs submitted the affidavits of their attorneys stating that the damages did not exceed $49,000 per plaintiff. Boeing and the other defendants contested the motion by proffering evidence that the

plaintiffs in the instant case had claimed damages of up to $5,000,000 each in the previous actions filed in other courts.

The district court denied the motion to remand for lack of subject matter jurisdiction because the court found the amount in controversy at the time of removal exceeded $50,000. The court further held that the attorney affidavits constituted subsequent events that could not divest the court of jurisdiction. It then dismissed the case on two alternative grounds: First, the preclusive effect of the prior adjudications of the plaintiffs' forum non conveniens issue; and second, even if not bound by the other judgments, the federal law of forum non conveniens required dismissal in this case. The plaintiffs appeal this ruling.

II

A

The plaintiffs contend that the district court lacked diversity jurisdiction and, thus, should have remanded the case to Texas state court, because the amount in controversy did not exceed $50,000, as shown by their attorney's affidavits. Plaintiffs rely on Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombia (ANPAC) v. Dow Quimica De Columbia S.A., 988 F.2d 559, 566 (5th Cir. 1993), for the proposition that their attorney's affidavits are dispositive of the jurisdictional question. The plaintiffs' argument fails because it overestimates the reach of Dow Quimica.

In Dow Quimica, we stated:

-4-

> [A]t least where the following circumstances are present, [the removing party's burden to establish jurisdiction] has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise <u>facially apparent</u> that the damages sought or incurred were <u>likely above $50,000</u>; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the claims; <u>and</u> (3) the plaintiffs timely contested removal with a sworn, <u>unrebutted affidavit</u> indicating that the requisite amount in controversy was not present.

<u>Dow Quimica</u>, 988 F.2d at 566 (emphasis added).

First, although the complaint in the instant case did not specify an amount of damages, it is facially apparent that damages sought by the plaintiffs here exceed $50,000. Unlike <u>Dow Quimica</u>, <u>id.</u> at 565, which involved damages for the skin rashes and lost income of small-scale Columbian fishermen, the instant case involves, <u>inter alia</u>, a claim for wrongful death. It is facially apparent that the claims in this case--claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses--did exceed $50,000 at the time of removal. Thus, the necessary predicate for consideration of the attorney affidavits under <u>Dow Quimica</u> is absent in this case and, consequently, the district court properly disregarded the affidavits.

Alterntively, even if the amount in controversy were not facially apparent, plaintiffs' reliance on <u>Dow Quimica</u> is nevertheless misplaced because the attorney affidavits that the plaintiffs offered in support of their motion to remand were rebutted by the defendant. Clearly, the affidavit of a lawyer without personal knowledge of the extent of each of the plaintiffs'

-5-

claims sheds little, if any, light on the actual amount in controversy.[3] In Dow Quimica, 988 F.2d at 565-66, however, this court had before it only the unrebutted affidavit of the plaintiffs' attorneys and the defendant's conclusory statement in their notice of removal, i.e., a mere scintilla of evidence on each side of the amount in controversy issue. Left with nothing but minimal offsetting evidence, the Dow Quimica Court, id. at 566, held that the removing parties, the defendants, had not met their burden to establish that the amount in controversy exceeded $50,000 and remanded to state court. In contrast, the defendants in the instant case offered testimonial evidence and published precedent showing that damages in the instant case and in similar cases would probably exceed $50,000 per plaintiff. Further, the defendants offered evidence that the plaintiffs in this action claimed damages of up to $5,000,000 in other courts for the same injuries. The inconsistency between the plaintiffs' prior claims and their current claims--at least as represented by the post-removal attorney affidavits--may indicate that the plaintiffs, rather than trying to clarify the actual amount in controversy, engaged in artful post-removal pleading in order to avoid the consequences of

---

[3]Further, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292-93, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) struck the tactic of using stipulations or affidavits to reduce the amount of the claims below the jurisdictional requisite after removal. See Reisman v. New Hampshire Fire Ins. Co., 312 F.2d 17, 19 (5th Cir. 1963) ("The decisions under 28 U.S.C.A. § 1447 make it clear that once jurisdiction has attached, it cannot be subsequently divested").

federal <u>forum non conveniens</u> law.  Diversity jurisdiction, however, derives from Article III of the Constitution, is defined by Congress, and is not subject to delimitation by such imaginative post-hoc tactics of litigants.

B

Even if our precedent in <u>Dow Quimica</u> does not require our reversal of the district court, the plaintiffs nevertheless contend that the district court's denial of their motion to remand must be reversed because the removing parties have not met their burden of proving to a legal certainty that the amount in controversy exceeds $50,000.  When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000.  <u>See</u> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992); <u>Garza v. Bettcher Indus., Inc.</u>, 752 F.Supp. 753, 763 (E.D. Mich 1990).  Here, the defendants easily met this burden by showing that many of the same plaintiffs in this action pled damages of up to $5,000,000 in other forums for the same injuries.

C

The plaintiffs also contend that the district court erred in applying federal law to resolve the <u>forum non conveniens</u> issue instead of Texas law.  We have previously held:

> [A] federal court sitting in a diversity action is required to apply the federal law of <u>forum non conveniens</u> when addressing motions to dismiss a plaintiff's case to a foreign forum.

-7-

In re Air Crash Near New Orleans, La. on July 9, 1982, 821 F.2d 1147, 1159 (5th Cir. 1987), vacated on other grounds sub nom., Pan American World Airways, Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400, reinstated save as to damages under original nom., 883 F.2d 17 (5th Cir. 1989).

We recently confirmed this view in Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1498 (5th Cir. 1993). Accordingly, the district court did not err in applying the federal law of forum non conveniens.

D

The plaintiffs proffer several other arguments on appeal; each is without merit. The plaintiffs argue that the district court should have remanded to state court once it had decided that it would decline jurisdiction under forum non conveniens. This argument is without merit because the power to invoke forum non conveniens presupposes the existence of federal jurisdiction and thus does not require remand to an equally inconvenient forum. Nolan v. Boeing Co., 919 F.2d 1058, 1070 (5th Cir. 1990). Next, the plaintiffs contend that the district court erred in holding that issue preclusion required dismissal because the prior courts did not address whether Texas forum non conveniens law should apply to the case. This contention fails both because the plaintiffs have made no showing of "objective facts that materially alter the considerations underlying the previous resolutions," and because, in any event, federal forum non conveniens law applies in federal district court. Id. (quoting Exxon Corp. v. Chick Kam Choo, 817 F.2d 307, 314 (5th Cir. 1987), rev'd on other grounds, 486 U.S.

140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988)). Finally, the plaintiffs contend that the district court misapplied the federal forum non conveniens factors of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). We hold that the district court's agreement with the other courts that have ruled that Mexico is a more convenient forum was not an abuse of discretion. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

### III

For the foregoing reasons, the district court's judgment denying the plaintiffs' motion to remand and dismissing the action is

A F F I R M E D.