**Charles Edwin THOMPSON,
Sr.,et al., Plaintiffs,**

v.

**NATIONWIDE MUTUAL INSURANCE
COMPANY and H.L. Fesmire,
Defendants.**

No. 2:96CV206–EMB.

United States District Court,
N.D. Mississippi,
Delta Division.

July 25, 1997.

Ben Brennan Horan, Horan & Horan, Horn Lake, MS, for plaintiffs.

Cecil Maison Heidelberg, Watkins & Eager, Jackson, MS, for defendants.

*OPINION*

BOGEN, United States Magistrate Judge.

This case is presently before the court on defendant H.L. Fesmire's Motion to Dismiss pursuant to Rule 12(b)(6), FRCP. Plaintiffs have not replied to the motion.

In accordance with the provisions of 28 U.S.C. § 636(c), the parties have consented

11. *See* Miss.Code Ann. § 97–23–93.

to have the undersigned magistrate judge conduct all proceedings in this matter. An order of reference in accordance with 28 U.S.C. § 636(c) and FRCP Rule 73 was entered by District Judge Neal B. Biggers, Jr. on March 14, 1997. Any appeal shall be to the Fifth Circuit Court of Appeals.

Defendant Fesmire contends that plaintiffs have failed to state a viable cause of action against him and that he is entitled as a matter of law to dismissal pursuant to Rule 12(b)(6). Defendant maintains, correctly so, that in disposing of his motion to dismiss the court must look only to the pleadings at the time of removal of this case from the DeSoto County Circuit Court. *Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193 (S.D.Miss. 1989).

Plaintiffs' complaint alleges they are entitled to "stack" uninsured motorist coverage for bodily injury under the terms of a contract of insurance purchased from defendant Nationwide Mutual Insurance Company (Nationwide) through its agent, defendant H.L. Fesmire (Fesmire). The nature of the claim against Fesmire is unclear, as the complaint is vague and contradictory regarding Fesmire's role in this matter. For example, in ¶ 6 of the complaint it is alleged that plaintiff Charles Edward Thompson, Sr. (Thompson) entered into a contract with Nationwide through its agent Fesmire. Yet, in ¶ 9, Thompson says he contracted with Fesmire for the policy. The court need not dwell long on this contradiction. It is clear from the nature of the plaintiffs' claim that an insurance policy was issued plaintiff Thompson by Nationwide through the office of Nationwide's agent Fesmire. It is commonly understood that one does not contract with the agent of an insurance company when purchasing a policy. A claim for breach of an insurance policy lies against the company, not its agent. Under Mississippi law the agent for a disclosed principal incurs no liability under the contract absent fraud. *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss.1989). The complaint contains no allegations of fraud on the part of Fesmire. Accordingly, a claim for breach of the insurance contract lies solely against Nationwide.

The only other allegation of any substance against Fesmire is that he represented to Thompson that the policy allowed for stacking coverages for all vehicles covered under the policy and that the coverage would adequately protect Thompson's family in the event of a catastrophe. It is not clear from this allegation whether Fesmire's statement was an opinion on the legal question of stacking or mere "puffing," but in neither case is any comfort provided plaintiffs. The words attributed to Fesmire are vague and imprecise (What is "adequate protection?" How does one define a "catastrophe?"). Obviously, Fesmire's statement is in the nature of an opinion, not one of fact. Under Mississippi law the mere expression of an opinion is not actionable. *White v. Hancock Bank*, 477 So.2d 265, 270 (Miss.1985).

Plaintiffs' complaint fails to state any cause of action against Fesmire, and he is entitled to be dismissed from this action. Fesmire's Motion to Dismiss pursuant to Rule 12(b)(6) is granted, and an order consistent with this opinion shall issue forthwith.

### ORDER

In accordance with an opinion entered this day, it is hereby

ORDERED:

1. That defendant H.L. Fesmire's Motion to Dismiss pursuant to Rule 12(b)(6), FRCP be, and is hereby, sustained.

2. That all of plaintiffs' claims against defendant H.L. Fesmire be, and they are hereby, dismissed with prejudice.