Charise SORENSEN, Plaintiff,

v.

Gerald ASHMORE and Horizon/CMS Healthcare Corp. d/b/a Baptist Physical Rehabilitation Center, Defendants.

No. 1:97–CV–0730.

United States District Court, E.D. Texas, Beaumont Division.

April 13, 1998.

**670**

Jill Swearinger Chatelain, Provost & Umphrey, Beaumont, TX, for Plaintiff.

L. Traywick Duffie, W. Christopher Arbery, Hunton & Williams, Atlanta, GA, Lewis B. Gardner, Houston, TX, for Defendant.

## ORDER and MEMORANDUM OPINION

COBB, District Judge.

On this day came for consideration Plaintiff's Motion for Remand, filed by Charise Sorensen.

Plaintiff filed a complaint in the 172nd District Court of the State of Texas, alleging one count of sexual harassment, one count of battery, and one count of false imprisonment. Plaintiff prayed for actual damages; "damages for the extreme emotional distress"; punitive damages; "costs, including reasonable attorney's fees"; and "all other relief which the Court deems just and proper." The complaint, however, did not specify a specific dollar amount of recovery being sought. On December 31, 1997, Defendants removed the case to this court on the ground of diversity jurisdiction. Plaintiff now seeks to have the case remanded because she is not seeking more than the jurisdictional amount of $75,000. Plaintiff's counsel filed an affidavit to that effect on January 29, 1998.

■■■ "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). "The district court must first determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *Id.* The jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached. *Id.* at 1253–54. "[T]hough the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■■■ Defendants, in opposition to remand, have asserted that the total value of the potential claim against them, i.e. the attorney's fees for trying the case, plus actual damages, damages for "extreme emotional distress," and "punitive damages in an amount deemed sufficient to prevent these Defendants from repeating this discriminatory conduct and harassment," will exceed $75,000. Plaintiff's counsel's attempt to limit the claim to less than the jurisdictional limit is ineffective to support remand. This court must judge whether it is apparent, to a legal certainty, from the face of the complaint, that plaintiff is not entitled to recover the jurisdictional amount. *Id.* at 289, 58 S.Ct. 586. The affidavit cannot be considered. This court agrees with Defendants that it is facially apparent from the prayer for relief in the original complaint that the amount in controversy exceeds $75,000.

IT IS ORDERED, ADJUDGED, AND DECREED, therefore, that Plaintiff's Motion for Remand is DENIED.