**ROYAL INSURANCE COMPANY**

v.

**Bradley R. JONES.**

**No. 3:98CV327 (JBA).**

United States District Court, D. Connecticut.

July 9, 1999.

Louis A. Highmark, Jr., Fink & Highmark, W. Hartford, CT, for Royal Insurance Company, plaintiffs.

William J. Egan, Barbara E. Crowley, Eagan & Crowley, New Haven, CT, for Bradley R. Jones, defendants.

## RULING ON PLAINTIFF'S MOTION TO REMAND [DOC. # 12]

ARTERTON, District Judge.

Plaintiff, Royal Insurance Company brings suit against the defendant, Bradley R. Jones ("Defendant"), individually and doing business as the B.R. Jones Roofing Company, for property damages and losses sustained by one of Royal Insurance Company's policy holders as a result of a roof installed by Defendant. The Defendant removed this action to federal court pursuant to 28 U.S.C. § 1446 based on the court's diversity jurisdiction.

Now pending before the court is Royal Insurance Company's Motion to Remand to the Superior Court of New Britain at Hartford, Connecticut. For the following reasons, this motion [doc. # 12] is DENIED.

## BACKGROUND

In February 1998, Royal Insurance Company filed suit against the defendants in the Superior Court of New Britain at Hartford, Connecticut. In this action, setting forth a product liability claim under Conn. Gen.Stat. § 52–572m, as well as claims of breach of warranty, breach of contract and negligence, Royal Insurance seeks to recover from Defendants the amount of damage and losses incurred as a result of the "defective" roof defendants allegedly installed on a building owned by Bonded Technology Division of Alcoa Composites, Inc. ("Insured") which was insured by a policy written by the Royal Insurance Company. Under Insured's policy, Royal Insurance "paid its insured for said losses and damages and is thereby subrogated to the rights of said insured against the defendants." *Id.* at ¶ 8. In each count, Royal Insurance seeks to recover "the amount paid by plaintiff to or on behalf of its insured, plus the insured's interest, which the plaintiff is pursuing in this action on behalf of the insured." (Compl. at ¶ 16.)

On February 19, 1998, the defendants timely filed a notice of removal pursuant to 28 U.S.C. § 1446, removing Royal Insurance Company's state court action to this Court based on diversity of citizenship and an amount in controversy greater than $75,000. (*See* Defs.' Notice of Removal at 1–2.)

## DISCUSSION

Royal Insurance Company objects to the removal, and moves for remand of this action because defendants have failed to show that the amount in controversy is greater than $75,000. (*See* Pl.'s Mot. to Remand at ¶ 3.) The Court disagrees.

■ Although defendants contend that this motion to remand is untimely under

28 U.S.C. § 1447(c), their position is only correct as to challenges to the removal procedure. Timing does not impact this motion which challenges the Court's subject matter jurisdiction since a court lacking subject matter jurisdiction over a removed action must remand that action to state court sua sponte or on motion. *See United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994).

In order to remove a case to federal court, a party must allege that the federal court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(b). Diversity jurisdiction must exist both at the time the complaint was filed in state court and at the time of removal. *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d at 301. The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Here, there appears to be no dispute concerning the diversity of citizenship, and Royal Insurance Company only challenges the Defendants' failure to show an amount in controversy exceeding $75,000 to a "reasonable probability." *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir.1994). When the complaint fails to allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar v. The Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993); *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992); *Leslie v. BancTec Service Corp.,* 928 F.Supp. 341, 348 (S.D.N.Y.1996). When "the pleadings themselves are inconclusive as to the amount in controversy ... federal courts may look outside those pleadings to other evidence in the record." *CenterMark Properties,* 30 F.3d at 305.

Only where it "appear[s] to a legal certainty that the claim is really less than the jurisdictional amount" can the court dismiss an action for lack of subject matter jurisdiction. *Saint Paul Mercury Indem. Co. v. Red Cab. Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also A.F.A. Tours, Inc. v. Whitchurch,* 937 F.2d 82, 87 (2d Cir.1991).

Here, the Complaint fails to allege the specific amount of damages sought by Royal Insurance Company claiming only "there is now due and owing from the defendants to the plaintiff the amount paid by the plaintiff to or on behalf of the insured, plus the insured's deductible interest, which the plaintiff is pursuing in this action of behalf of its insured." (*See* Compl. First Count ¶ 16.) It is evident therefore that Royal Insurance Company not only seeks to recover the amount it paid to its insured, but the insured's deductible interest as well, notwithstanding its attempt to defeat the jurisdictional amount by arguing in its motion that "it does not seek to recover more than that principal amount in this action," because the Insured has not joined the subrogation action, it is without authority to recover "any additional amounts" over what it paid its Insured. (*See* Pl. Mot. to Remand at ¶¶ 4, 5).

Such contention is further belied by the demand letter Royal Insurance sent prior to commencement of suit stating: "Our investigation indicates that you are responsible for the damage sustained by our insured" and reflects the amount owed as "$76.128.03" (Def.Opp.Ex. A.) Similarly, Royal Insurance provided the defendant with a Statement of Loss which specified that the sum of $76,128.03 was comprised of the plaintiff's payment of claim in the amount of $71,128.03, and the insured's deductible of $5,000.00. (Def.Opp.Ex. B.)

Royal Insurance has not amended its complaint and therefore absent any evidence to the contrary, this Court accepts "the face of the complaint is a good faith

representation of the amount in controversy" based on the nature of the claims alleged therein. *See Aragie Wolde Meskel v. Vocational Instruction Project Community Services, Inc.,* 166 F.3d 59, 62 (2d Cir.1999) ("Federal diversity jurisdiction is not lost by post-filing events that change or disturb the state of affairs on which diversity was properly laid at the outset."). Reading the allegations in the Complaint together with the demand letter and statement of loss, the Court finds defendant has shown by the preponderance of the evidence that there is a reasonable probability that Royal Insurance's claim exceeds $75,000.

## CONCLUSION

Accordingly, Royal Insurance Company's Motion to Remand [doc. # 12] is DENIED.

IT IS SO ORDERED.