Bessie BANGER as natural guardian And Next Friend of Eddie FREEMAN Plaintiff

v.

MAGNOLIA NURSING HOME, L.P., d/b/a Magnolia Nursing Home, Daniel Logan, and John Does 1–10 Defendants

No. CIV.A.3:02–CV–1173BN.

United States District Court, S.D. Mississippi, Jackson Division.

Dec. 12, 2002.

George F. Hollowell, Jr., George F. Hollowell, Jr., Attorney, Greenville, MS, Thomas R. Frazer, II, John G. Sims, III, Frazer & Davidson, P.A., Jackson, MS, for Plaintiff.

William W. McKinley, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Defendants.

*CORRECTED OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff to Remand. Having considered the Motion, Response, attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

This suit is brought by Bessie Banger ("Banger"), as guardian of Eddie Freeman ("Freeman"). Freeman was a resident at Magnolia Nursing Home ("Magnolia"). The suit arises out of allegations that Magnolia breached its duty of care to Freeman while Freeman was a resident at Magnolia.

Plaintiffs originally filed this action on March 28, 2002, in the Circuit Court of Hinds County, Mississippi. On July 2, 2002, Defendants removed the suit to this Court, alleging diversity jurisdiction. Also on July 2, 2002, Defendants served an Offer of Judgment to Plaintiff in the amount of $75,000, exclusive of interests and costs. On August 1, 2002, Plaintiffs filed this Motion to Remand.

Plaintiffs are and were individual citizens of the State of Mississippi. During the time in which Freeman resided at Magnolia, Magnolia was owned by Magnolia Nursing Home, L.P. All of the limited and general partners of Magnolia Nursing Home, L.P., were residents of the State of Florida. Thus, Magnolia Nursing Home, L.P., is a non-corporate citizen of the State of Florida for purposes of diversity of citizenship.[1] The other named Defendant is Daniel Logan ("Logan"), the administrator of Magnolia. Logan is an individual citizen of the State of Mississippi. The Complaint does not state a sum specific sought for recovery.

Before the Court are two issues. The first is whether the amount in controversy requirement for diversity jurisdiction has been met. The second is whether Defendant Logan has been fraudulently joined.

## II. AMOUNT IN CONTROVERSY

Defendants removed the suit to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Plaintiffs have not stated a sum specific sought as damages. In the Motion to Remand, Plaintiffs have only addressed the amount in controversy by alleging that Defendants cannot establish that the amount is in excess of $75,000.

■ "The removing party bears the burden of establishing federal jurisdiction." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (citation omitted). Whether a case is removable must be determined by reference to the allegations made in the original pleadings. *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990). The United States Court of Appeals for the Fifth Circuit has held that when removal is based on diversity of the parties, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). A court has two methods by which the amount in con-

---

**1.** *See Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

troversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. *Id.* Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* However, removal may not be based simply upon conclusory allegations. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992)).

Here, the Complaint expressly requests compensatory and punitive damages.

28. As a result of Defendants' negligence and other conduct as alleged herein, EDDIE FREEMAN has suffered and will continue to suffer mental and emotional pain and suffering, medical expenses, loss of enjoyment of life and severe and permanent emotional distress.

29. Therefore, the Plaintiff is entitled to any and all compensatory damages that are recoverable for individual claims, including, but not limited to, the personal injuries of EDDIE FREEMAN, pain, suffering and emotional distress and all other damages recoverable pursuant to Mississippi Law.

WHEREFORE, ... Plaintiff ... requests judgment against all Defendants ... in an amount sufficient to punish and deter them and others from similar behavior, including attorney's fees, prejudgment interest calculated from the date of this demand until paid, and all costs of bringing this proceeding. As additional evidence is discovered, Plaintiff reserves the right throughout these proceedings and at trial to increase her damage demand to conform to the evidence.

Complaint, ¶¶ 28–29.

■ The Court finds that the Complaint, on its face, seeks to recover an amount that could exceed $75,000. Additionally, on July 2, 2002, Defendants served Plaintiffs with an Offer of Judgment. *See* Response of Defendants, Exh. D. The Offer of Judgment was for an amount of $75,000, exclusive of interest and costs. *See id.* Plaintiffs did not accept the Offer. Plaintiffs' refusal to accept the Offer of Judgment is probative that Plaintiffs seek to recover an amount in excess of the Offer of Judgment.

The Court finds that Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of $75,000.

### III. FRAUDULENT JOINDER STANDARD

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.*, 893

F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999) (citations omitted); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g. Cavallini,* 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment. . . . A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000). *See also Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir.2000) (finding that the "mere theoretical possibility of recovery under local law" does not preclude removal. "[T]here must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss. 2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (alteration in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting

diversity of citizenship jurisdiction. *Jernigan*, 989 F.2d at 816.

## IV. ANALYSIS

The only non-diverse Defendant named in this suit is Logan, the administrator of Magnolia. If Logan has been fraudulently joined, then the Motion to Remand must be denied.

Plaintiffs have not made any specific allegation regarding Logan. Instead, the Complaint consistently refers simply to "Defendants." A thorough review of the Complaint indicates that Plaintiffs seek to hold Defendants liable for (1) breach of various duties related to the care of Freeman[2], and (2) breach of contract.[3] The Complaint makes no specific allegation as to how any Defendant breached any duty, contractual or otherwise. The Complaint makes no claim as to the origin of any duty, contractual or otherwise, allegedly imputed to any Defendant.

The Complaint consists only of conclusory and generic allegations of wrongdoing on the part of the all Defendants. Such allegations are not sufficient to show that Logan was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D.Miss.2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim.").

In the Motion to Remand, Plaintiffs argue that Logan held duties as an administrator, arising out of various federal and/or state regulations. However, Plaintiffs may not rely on such regulations to create a cause of action where none exists. *See, e.g., Stewart v. Bernstein*, 769 F.2d 1088 (5th Cir.1985); *Moore v. Memorial Hospital of Gulfport*, No.2000–CA–01976SCT, 2002 WL 535908 (Miss.2002). Such regulations exist to provide guidelines and procedures, not to create a legal standard of care for purposes of creating civil litigation. *See Moore*, 2002 WL 535908.

Regarding any potential claim against Logan for breach of contract, Plaintiffs have failed to present any evidence indicating that Logan was in fact a party to any such contract. Logan acted as an agent for his disclosed principal, Magnolia. Plaintiffs make no allegations of fraud. Thus, even accepting arguendo that a contract between Freeman and Magnolia exists, Logan cannot be held liable under such a contract. *See, e.g., Thames & Co. v. Eicher*, 373 So.2d 1033 (Miss.1979); *Thompson v. Nationwide Mut. Ins. Co.*, 971 F.Supp. 242 (N.D.Miss.1997).

Furthermore, Plaintiffs cannot hold Logan liable in tort as an agent for Magnolia in the absence of any evidence that Logan actually participated in tortious activity. Plaintiffs have not alleged any facts which could give rise to such liability in tort. Plaintiffs have not alleged any facts indicating Logan ever had any direct, personal participation in any way with the care of Freeman.

The Court finds that Plaintiffs have no possibility of establishing a cause of action against Logan under the laws of the State

---

2. Such alleged duties include a duty to provide adequate and appropriate medical care, food, and water, and to monitor and supervise Freeman's ambulation to prevent falls, and to provide Freeman with bed, bathing, and incontinent care, and to maintain and preserve the dignity of Freeman, and to adequately supervise and monitor Freeman. Complaint, ¶¶ 17–19.

3. Plaintiffs allege that a contract existed between Freeman and Defendants, creating duties to provide Freeman with adequate care. Complaint, ¶¶ 22–23.

of Mississippi. Accordingly, Defendant Logan should be dismissed with prejudice. Therefore, the Court finds that Logan was fraudulently joined to defeat diversity. Accordingly, the Motion of Plaintiff to Remand is denied.

## V. CONCLUSION

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [6-1] is hereby denied.