**Thomas BILLUPS Plaintiff**

v.

**ALLSTATE LIFE INSURANCE COMPANY; Jerry Leach; et al. Defendants**

**No. CIV.A. 3:02CV1493BN.**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 26, 2003.

Eric David Bonner, Mann, Cowan, & Potter, P.C., Birmingham, AL, for Thomas Billups, plaintiff.

John E. Hughes, III, Wells, Marble & Hurst, Jackson, MS, Jerry Dean Hillman, John David Moore, Walston, Wells, Anderson & Bains, LLP, Birmingham, AL, for Allstate Life Insurance Company, Jerry Leach, John Does, Unknown defendants

at this time but will be substituted by amendment when ascertained, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff Thomas Billups to Remand and the Motion of Defendant Jerry Leach to Dismiss. Having considered the Motions, Responses, Rebuttals, supporting and opposing memoranda, and all attachments to each, the Court finds that the Motion to Remand is well taken and should be granted, and that the Motion to Dismiss must be denied for lack of jurisdiction of this Court to render a decision on that Motion.

### I. Factual Background and Procedural History [1]

On September 27, 1989, Plaintiff purchased a $100,000 life insurance policy from Defendant Allstate Life Insurance Company (hereinafter "Allstate"). The sales agent was Defendant Leach. Leach allegedly led Plaintiff to believe that the policy would be a good retirement savings plan that would substantially increase in value over time, and that Plaintiff would be relieved of paying policy premiums after a ten year period. In October of 1999, Plaintiff learned that the alleged statements made by Leach were not true; i.e., the policy was not accumulating substantial retirement value and Plaintiff was being required to continue premium payments even though more than ten years had elapsed since the inception date of the policy.

Aggrieved by the perceived fraud perpetrated upon him, Plaintiff filed this suit against Allstate and Leach in the Circuit

---

1. The facts stated in this section of the Opinion and Order were generated from numerous pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their accuracy or their truth.

Court of the First Judicial District of Hinds County, Mississippi, on August 14, 2002. The claims in the Complaint are based on fraud and breach of contract. Plaintiff seeks an unspecified amount of compensatory and punitive damages. Defendants removed the case to this Court on September 13, 2002. The sole jurisdictional basis for removal is diversity of citizenship. Plaintiff filed his Motion to Remand on October 15, 2002, and Leach filed his Motion to Dismiss on June 16, 2003. Both of these Motions are now ripe for consideration by the Court.

## II. *Analysis*

### (A) Motion to Remand

Defendants removed the case *sub judice* to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between(1) citizens of different states...." Defendants allege that Leach, the only non-diverse Defendant, was fraudulently joined, thus complete diversity of citizenship exists. However, the focus of this analysis is whether the required amount in controversy, damages in excess of $75,000, is met.

■ 28 U.S.C. § 1441(a) provides in relevant part

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The removing party bears the burden of establishing federal jurisdiction." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (citation omitted).

Whether a case is removable must be determined by reference to the allegations made in the original pleadings. *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990). The United States Court of Appeals for the Fifth Circuit has held that when removal is based on diversity of the parties, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See, Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). A court has two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. *Id.* Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* However, removal may not be based simply upon conclusory allegations. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992)).

■ In the subject case, the Complaint demands an unspecified amount of compensatory and punitive damages. Regarding compensatory damages, Plaintiff has paid premiums in the amount of about $125 per month over about a ten year period. This equates to total premium payments of about $15,000. Defendants argue that a potential punitive damages award over and above the potential compensatory damages award could easily exceed $75,000, the jurisdictional minimum of this Court. The Court agrees that a punitive damages award could elevate a total damages award above $75,000. However, the Court finds that such is not facially apparent from the Complaint. The burden

is therefore upon Defendants to prove by a preponderance of the evidence that Plaintiff seeks a total damage award over $75,000.

In an effort to prove that Plaintiff seeks damages in excess of $75,000, Defendants cite several Mississippi state court cases in which the actual damages awards were $20,000 or less and the punitive damages awards were as high as $38,000,000. Although this method of proving the amount in controversy is acceptable under appropriate circumstances, *Beichler v. Citigroup, Inc.,* 241 F.Supp.2d 696, 701 (S.D.Miss.2003), the Court finds that Defendants in this case failed to prove by a preponderance of the evidence that the $75,000 minimum jurisdictional amount in controversy is met.

The Court notes that this case was partially stayed to allow the parties to conduct remand related discovery. Defendants deposed Plaintiff, and a copy of that deposition transcript was provided to the Court. Defendants' Response to Plaintiff's Motion to Remand, Exhibit "D," Deposition of Thomas Billups. The Court has reviewed the entire deposition transcript. At no point in the deposition was Plaintiff asked to admit that he sought total damages exceeding $75,000. Defendants also had the opportunity to propound requests for admissions on Plaintiff asking him to admit the same. They failed to do so. Had Defendants taken either of these courses of action, the Court would have been provided with definitive proof of whether or not Plaintiff intends to seek damages over $75,000 in this cause of action. *See, United ed States Fid. and Guar. Co.,* No. Civ. A. 3:00cv70BN, 2000 WL 268565 at * 3 (Mar. 8, 2000) (Barbour, J.) (holding that if a plaintiff is asked to admit that the amount in controversy is $75,000 or less, and fails to so admit, then a court has proof that the amount in controversy requirement is met).

For these reasons, the Court finds that Defendants have failed to prove that the requisite jurisdictional amount in controversy is met. Accordingly, Plaintiff's Motion to Remand must be granted.

**(B) Motion to Dismiss**

Because the Motion to Remand is granted herewith, the Court lacks jurisdiction to render a decision on Defendant Leach's Motion to Dismiss. Therefore, this Motion must be denied without prejudice as moot.

### III. *Conclusion*

For all of the reasons set forth above:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [5–1] is hereby granted. The Clerk of the Court is hereby ordered to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that the Motion of Defendant Leach to Dismiss [27–1] is hereby denied without prejudice.